Cf. *United States v Juarez,* 561 F2d 65 (CA 7, 1977); *United States v Golden,* 436 F2d 941 (CA 8, 1971).

*Summary Dispositions September 17, 1991:*

SMITH V MICHIGAN BELL TELEPHONE COMPANY, No. 90624. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for consideration as on leave granted. MCR 7.302(F)(1). Court of Appeals No. 132342.

McCOY V HYGRADE FOOD PRODUCTS CORPORATION, No. 90688. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for consideration as on leave granted. MCR 7.302(F)(1). Court of Appeals No. 130322.

ERGONIS V AUTO DYNE CORPORATION, No. 90749. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for consideration as on leave granted. MCR 7.302(F)(1). Court of Appeals No. 133125.

Reconsideration denied November 25, 1991.

BAGO V FORD MOTOR COMPANY, No. 90760. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for consideration as on leave granted. MCR 7.302(F)(1). Court of Appeals No. 129876.

McDONALD V CITIZENS INSURANCE COMPANY OF AMERICA, No. 90799. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for consideration as on leave granted. MCR 7.302(F)(1). Court of Appeals No. 133543.

*Leave to Appeal Denied September 17, 1991:*

PEOPLE V DELAFUENTE, No. 87770, 5/May 1991. The cause having been briefed and orally argued, the order of October 24, 1990, 436 Mich 880, granting leave to appeal is vacated, and leave to appeal is denied because the Supreme Court is no longer persuaded that the questions presented should be reviewed. Court of Appeals No. 112714.

RILEY, J. I dissent from the order entered in this case.

In the instant case, we were asked to consider defendant's double jeopardy challenge under both the Fifth Amendment of the United States Constitution, and art 1, § 5 of the Michigan Constitution. While I agree with the Court of Appeals that defendant has not established a double jeopardy violation under Const 1963, art 1, § 5, I dissent from the Court's order because defendant's double jeopardy challenge was not considered in light of the Fifth Amendment.

The United States Supreme Court recently held that the Double Jeopardy Clause prohibits successive prosecutions when the state intends to prove the same conduct that was proven in a prior trial.